UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CV-61625-COHN/SELTZER

ALLISON NELSON, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

MEAD JOHNSON NUTRITION
COMPANY and MEAD JOHNSON
& COMPANY,

       Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Class Action

Complaint [DE 13] ("Motion to Dismiss").  The Court has carefully reviewed the Motion

to Dismiss, Plaintiff's Response [DE 25], Defendants' Reply [DE 28], and is otherwise

fully advised in the premises.

## I. BACKGROUND

Plaintiff Allison Nelson alleges that Defendants Mead Johnson Nutrition

Company ("MJN") and Mead Johnson & Company ("MJC") (collectively "Defendants")

engage in unfair competition and unfair and deceptive trade practices by

misrepresenting the qualities of one of their products: Enfamil® LIPIL® infant formula

("Enfamil").[1]  Specifically, Plaintiff alleges that "Defendants have sought to increase

sales by falsely representing to consumers that Enfamil LIPIL is the only baby formula

that contains DHA and ARA."  DE 1 ¶ 4 ("Complaint").  Plaintiff further alleges that

_____

[1]     MJN is MJC's parent company.

"other brands of baby formula, including lower-priced store brands and private labels, contain DHA and ARA in amounts equal to or greater than those contained in Defendants' products."  Id. ¶ 5.  Moreover, Plaintiff alleges that "[b]ecause of Defendants' false representations regarding the nature of their Product, Plaintiff and Class members paid more for Defendants' Products than they otherwise would have, mistakenly believing that they were purchasing the only infant formula that provides certain nutrients essential to the brain and eye development of their babies."  Id. ¶ 6. Indeed, Plaintiff alleges that she "read the representations on the Product container and had viewed Defendants' advertisements" and that she "reasonably relied on Defendants' representations in making her purchasing decisions."  Id. ¶¶ 33, 37. According to Plaintiff, had she known that Enfamil "was not the only infant formula available that contains DHA and ARA, she would not have paid as much . . . for the product and would have bought one of the less expensive brands available on the market."  Id. ¶ 38.

Accordingly, on October 13, 2009, Plaintiff filed a class action complaint "on behalf of herself and all similarly situated Florida consumers."[2]  Id. ¶ 39.  The Complaint alleges three counts: 1) a violation of Florida's Deceptive and Unfair Trade Practices Act, section 501.201, et seq., Florida Statutes ("FDUTPA"); 2) False and Misleading Advertising in violation of section 817.41, Florida Statutes; and 3) Unjust Enrichment.

---

[2]      Plaintiff seeks to represent "[a]ll persons in Florida, who, within the applicable statute of limitations, purchased Enfamil LIPIL" excluding "the Defendants, any parent, subsidiary or affiliate of the Defendants, any entity in which the Defendants have a controlling interest, and the respective officers, directors, employees, agents, legal representatives, heirs, predecessors, successors, and assigns of such excluded person or entities."  Complaint ¶ 39.

Defendants argue that the Complaint should be dismissed in its entirety. Specifically, Defendants maintain that the Complaint fails to state a claim for violations of FDUTPA, misleading advertising, or unjust enrichment.  Defendants also contend that the court lacks personal jurisdiction over MJN.  For the reasons set forth below, the Court finds the Complaint states claims for violations of FDUTPA and misleading advertising against MJC.  The Court further finds that the Complaint fails to state a claim for unjust enrichment and that the Court lacks personal jurisdiction over MJN.

II. DISCUSSION

## A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting

3

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## B. FDUTPA

To state a claim under FDUTPA, a party must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  Galstaldi v. Sunvest Comms. USA, LLC, 637 F. Supp. 2d 1045, 1056 (S.D. Fla. 2009).  Defendants maintain that Plaintiff has (1) not adequately alleged unfair or deceptive conduct; (2) not adequately alleged actual damages; and (3) failed to plead her FDUTPA claim with specificity.  Defendants also maintain that Plaintiff's claims fail because "MJC's alleged representations are nothing more than mere puffery."  Motion to Dismiss at 12.

### 1. Unfair or Deceptive Conduct

To prove unfair or deceptive conduct, a plaintiff must establish a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."  Millennium Comms. & Fulfillment, Inc. v. Office of Attorney General, 761 So. 2d 1256, 1263 (Fla. Dist. Ct. App. 2000) (quoting Sw. Sunsites, Inc. v. FTC, 785 F.2d 1431, 1435-35 (9th Cir. 1986)).  Here, Plaintiff quotes from Enfamil labels and promotional materials that make representations about both Enfamil and less expensive infant formulas.[3]  Plaintiff further alleges that the

---

[3]       The Complaint alleges that the Enfamil label states that "Enfamil LIPIL is the "Only Brand CLINICALLY PROVEN to Improve VISUAL AND MENTAL DEVELOPMENT."  Complaint ¶ 18.  The Complaint further alleges that print advertisements circulated by Defendants contain the following statements: 1) "Only Enfamil has LIPIL, our blend of DHA and ARA, important nutrients found in breast milk"; 2) "[I]t's the only formula shown in published independent clinical studies to [i]mprove brain development [and] [i]mprove eye development"; 3) "[C]hoose Enfamil LIPIL – the only infant formula that's clinically proven to improve vision"; 4) "En-Fact: Enfamil LIPIL's unique formulation is not available in any store brand"; 5) "It may be tempting to try a less expensive store brand, but only Enfamil LIPIL is clinically proven to improve

representations are false.  Complaint ¶ 24.  Specifically, Plaintiff alleges that "Enfamil

LIPIL is not the only brand of infant formula that contains DHA and ARA" and that

"Enfamil LIPIL provides no advantage with respect to infant brain and eye development

over other formulas containing DHA and ARA."  Id.  The Court finds that these

allegations allege a "representation, omission, or practice that is likely to mislead the

consumer acting reasonably in the circumstances, to the consumer's detriment."

Millennium Comms., 761 So. 2d at 1263.

Defendants argue that "Plaintiff's subjective interpretation of MJC's packaging

and advertisements, and the 'suggestions' Plaintiff alleges she drew therefrom, do not

support a FDUTPA claim."  Motion to Dismiss at 7.  Defendants further argue that

"Plaintiff's contention that she was confused or misled by the label, or, for that matter,

by the pricing of the product, is immaterial."  Id. at 8.  Essentially, Defendants argue that

the representations in their packaging and advertisements are true, so they cannot

mislead a reasonable consumer.  See id.  Although that argument may be persuasive

at a later stage in the proceeding, it is irrelevant on a motion to dismiss.  See

Brueggemann v. NCOA Select, Inc., No. 08-80606-CIV, 2009 WL 5218024, at *3 (S.D.

Fla. Dec. 31, 2009) ("[T]he determination at the pleading stage of the ultimate issue in

this case; namely, whether Defendant's advertising actually deceives the consumer" is

"simply premature" and "inappropriate").  Plaintiff has adequately alleged unfair or

deceptive conduct.

---

brain and eye development"; and 6) "Store brands may cost less, but Enfamil gives your
baby more."  Complaint ¶¶ 18-23.

### 2. Actual Damages

To state a claim under FDUTPA, a plaintiff must allege, at a minimum, that she has suffered actual damages.  Prohias v. Pfizer, 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) ("Prohias I").  Defendants contend that because Plaintiff purchased and utilized infant formula containing DHA and ARA and received the benefits therefrom, she cannot plead that she has suffered actual damages.  To support their contention, Defendants rely on Prohias I.

In Prohias I, the plaintiffs alleged that although the drug Lipitor reduces cholesterol levels, "there is no scientific support for the claim that Lipitor reduces the risk of heart disease in women or elderly patients who do not already have heart disease or diabetes."  Id. at 1332.  The plaintiffs further alleged that defendants engaged in an advertising claim "to create the impression that Lipitor protects against heart disease, thus misleading consumers as to the benefits of Lipitor."  Id.  "Such misleading advertising, according to the plaintiffs, creates artificial demand for Lipitor and an artificial increase in Lipitor's price, thus causing economic injury to Lipitor purchasers."  Id.

Judge Jordan dismissed the plaintiffs' FDUTPA claims finding that the complaint's allegations failed to establish that plaintiffs were "aggrieved" or "suffered a loss."  Id. at 1335-38.  The court reached its conclusion after finding that the plaintiffs "still pay for Lipitor notwithstanding their knowledge of its alleged lack of benefits."  Id. at 1334.  "[T]he fact that they currently take Lipitor, in light of the information they have, requires me to conclude that they take Lipitor for its cholesterol-reduction or other undisputed health benefits, and therefore cannot claim to have suffered any damage

6

from the allegedly misleading statements about Lipitor's coronary benefits."  Id. at 1336.

Here, Plaintiff has not alleged that she still pays for Enfamil notwithstanding her knowledge that it is not the only formula on the market that contains DHA and ARA.  To the contrary, Plaintiff alleges that she "purchased the Product, and paid a premium price for it, because she believed LIPIL was a unique blend of DHA and ARA that was found only in Defendants' Product."  Complaint ¶ 33.  Moreover, the Complaint alleges that "[h]ad Plaintiff known the Product was not the only infant formula available that contains DHA and ARA, she would not have paid as much as she did pay for the product and would have bought one of the less expensive brands available on the market."  Id. ¶ 38.  Defendants' reliance on Prohias I, therefore, is unpersuasive.  Plaintiff has adequately pled that she suffered actual damages.

### 3. Specificity

Defendants argue that the "heightened pleading standard [of Federal Rule of Civil Procedure 9(b)] should be applied to [Plaintiff's] Complaint."  Motion to Dismiss at 10.  Specifically, Defendants contend that when "a claim under FDUTPA sounds in fraud, that claim must be pled with the particularity required by 9(b)."  Id. (citing Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002).

Even if the heightened pleading requirements of Rule 9(b) apply to Plaintiff's FDUTPA claim,[4] Plaintiff has met her burden.  To comply with the requirements of Rule

---

[4]     Generally "[t]he requirements of Rule 9(b) do not apply to claims under the FDUTPA."  Galstaldi v. Sunvest Communities USA, LLC, 637 F. Supp. 2d 1045, 1056 (S.D. Fla. 2009).  Because FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts like fraud, "the plaintiff need not prove the elements of fraud to sustain an action under the statute."  Id. (quotations omitted).  Accordingly, the heightened pleading requirements of Rule 9(b) cannot serve as a basis

9(b), Plaintiff must set forth each of the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Garcia v. Santa Maria Resort, Inc., 528 F. Supp. 2d 1283, 1294 (S.D. Fla. 2007).

Here, Plaintiff alleged precisely what statements were made in what documents. See supra note 3 and accompanying text.  Plaintiff also alleged the place of each such statement and the person responsible for making them.  See id.  Furthermore, Plaintiff alleged the content of such statements and the manner in which they misled her.  See supra sections I, II.B.2 (quoting Complaint ¶¶ 33-34, 37-38).  Lastly, Plaintiff alleged what the defendants obtained as a consequence of the fraud.  Id. ¶ 36 ("Plaintiff has suffered injury in fact and lost money and property as a result of Defendant's wrongful conduct . . . .  She has suffered damages in the amount she paid for the Product over and above what she would have paid had she known that the Product was not in fact the exclusive source of DHA and ARA.").  Thus, even if Rule 9(b) applies to Plaintiff's FDUTPA claim, Plaintiff's pleading satisfies the Rule.  Cf. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) ("The application of [Rule 9(b)] must not abrogate the concept of notice pleading."); Friedlander v. Nims, 755 F.2d 810, 813 n.3

---

to dismiss FDUTPA claims.  Id.; see also State, Office of Atty. Gen., Dept. of Legal Affairs v. Wyndham Intern., Inc., 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.").

(11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

### 4. Puffery

Defendants argue that any representations that they made on their labels or in their advertising are "non actionable because they, at most, would be mere puffery." Motion to Dismiss at 12.  Mere opinions or exaggerations concerning the qualities of a product are "puffery."  See In re Managed Care Litig., 150 F. Supp. 2d 1330, 1346 (S.D. Fla. 2001).  However, if Defendants go beyond exaggeration and assign qualities to a product which the product does not possess, the Defendants "have transcended the limits of puffery and engaged in false representations."  Id. (citing United States v. Simon, 839 F.2d 1461, 1468 (11th Cir.1988)).

Although some of the Defendants' statements quoted in the Complaint could be interpreted as puffery, see, e.g., Complaint ¶ 23 ("Store brands may cost less, but Enfamil gives you more."), other statements attributed to Defendants and quoted in the Complaint definitely do not constitute puffery, see, e.g., id. ¶ 18 ("Only Brand CLINICALLY PROVEN To Improve VISUAL AND MENTAL DEVELOPMENT"); id. ¶ 19 ("Only Enfamil has LIPIL, our blend of DHA and ARA, important nutrients found in breast milk."); id. ¶ 23 ("En-Fact: Enfamil LIPIL's unique formulation is not available in any store brand.").  Whether such representations are true must await review for a later stage in the proceedings.

### C. Misleading Advertising

Defendants argue that Plaintiff's misleading advertising claim fails to state a

claim on which relief may be granted.  Section 817.41(1), Florida Statutes (1999), which

prohibits misleading advertising, states as follows:

> It shall be unlawful for any person to make or disseminate or cause to be
> made or disseminated before the general public of the state, or any
> portion thereof, any misleading advertisement. Such making or
> dissemination of misleading advertising shall constitute and is hereby
> declared to be fraudulent and unlawful, designed and intended for
> obtaining money or property under false pretenses.

Fla. Stat. 817.41(1) (1999).  To state a cognizable claim under section 817.41, Florida

Statutes, a plaintiff must plead the following elements: (1) "the representor made a

misrepresentation of a material fact;" (2) "the representor knew or should have known

of the falsity of the statement;" (3) "the representor intended that the representation

would induce another to rely and act on it;" and (4) "the plaintiff suffered injury in

justifiable reliance on the representation."  Joseph v. Liberty Nat. Bank, 873 So. 2d 384,

388 (Fla. Dist. Ct. App. 2004).

Defendants first argue that Plaintiff

> has not alleged, and cannot allege, that MJC knowingly made false
> statements that were likely to deceive the ordinary public [because] [n]one
> of the statements cited in the Complaint is false, or would lead reasonable
> consumers to believe anything other than that Enfamil® LIPIL® contains
> DHA and ARA, nutrients found in breast milk that are clinically proven to
> promote brain and eye development.

Motion to Dismiss at 13.  As stated above, the Court will not – and should not – decide

at this stage of the proceedings whether the statements made by Defendant and

quoted in the Complaint are false.  Likewise, the Court will not determine at this stage

of the proceedings what reasonable consumers would believe.  Plaintiff alleges in her

10

Complaint that the statements are false and that she believed them.  For now, she need not do more.

Defendants also argue that Plaintiff does not state a claim for misleading advertising because she has failed to adequately plead detrimental reliance. To support this argument, Defendants maintain that "the only statement Plaintiff claims to have read regarding the product – the product's label itself – fails to even mention DHA and ARA."  Id.  Defendants infer that Plaintiff has read only the product's label because the Complaint alleges "Plaintiff read the representations on the Product container and had viewed Defendants' advertisements."  Complaint ¶ 33.  In other words, Defendants contend that Plaintiff's allegation that she "viewed Defendant's advertisements" is an admission that she did not read them.  See generally Motion to Dismiss.  The Court does not read the allegations in such a draconian fashion.

As demonstrated above, Plaintiff quotes representations that Defendants printed on the Enfamil label and in their advertisements.  Moreover, the very same paragraph of the Complaint that alleges Plaintiff viewed Defendants' advertisements that make representations about DHA and ARA also alleges that she "purchased the product, and paid a premium price for it, because she believed LIPIL was a unique blend of DHA and ARA that was found only in Defendants' Product."  Complaint ¶ 33.  Plaintiff further alleges that she "reasonably relied on Defendants' representations in making her purchasing decisions."  Id. ¶ 37.  The Court finds that the Complaint specifically alleges detrimental reliance for purposes of stating a misleading advertising claim pursuant to section 817. 41, Florida Statutes.

11

### D. Unjust Enrichment

Unjust enrichment is an equitable doctrine. "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). The doctrine applies only where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it. See Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp., 899 So. 2d 1222, 1227 (Fla. 1st DCA 2005).

Defendants argue that "Plaintiff cannot state a claim for unjust enrichment because she has not alleged, and cannot allege, that MJC received any benefit at her expense." Motion to Dismiss at 14. To support their argument, Defendants assert that "Plaintiff purchased and used Enfamil® Lipil® and makes no complaints regarding the quality or efficacy of the product." Id. In other words, Defendants maintain that "[u]njust enrichment cannot exist where payment has been made for the benefit conferred." Id. (quoting N.G.L. Travel Assocs. v. Celebrity Cruises, Inc., 764 So. 2d 672, 675 (Fla. Dist. Ct. App. 2000) (internal quotations omitted)). Thus, because "Plaintiff got exactly what she bargained for," Defendants contend that Plaintiff cannot maintain a claim for unjust enrichment. See Motion to Dismiss at 15.

Plaintiff responds that "Mead Johnson led [her] to believe that Enfamil was materially different from comparable store brand formulas with DHA and ARA, which is not true." Response at 15. Plaintiff therefore contends that she "did not obtain the

12

benefit of her bargain [because] she paid a premium price for a product that was no different from less expensive store-brand equivalents."  Id. at 15-16.  Thus, according to Plaintiff, "Defendant was . . . unjustly enriched by receiving monies from Plaintiff that they otherwise would not have received absent their deceptive advertising."  Id.  The Court agrees.

Arguably, Plaintiff did not receive the benefit of the bargain with Defendants because she bargained to buy "the only infant formula clinically proven to improve mental and visual development," and did not receive "the only infant formula" with those qualities.  Likewise, Plaintiff could argue that she bargained to buy "the only infant formula that has LIPIL, [Defendants'] blend of DHA and ARA, important nutrients found in breast milk," but did not receive "the only infant formula" with those qualities.  Thus, if one accepts the allegations in the Complaint as true – as the Court must on a motion to dismiss – Defendants misrepresented the qualities of Enfamil so that Plaintiff would buy Enfamil rather than a less expensive infant formula and, based on those misrepresentations, Plaintiff indeed bought Enfamil instead of a less expensive infant formula.  Consequently, the Complaint alleges that Defendants knowingly and voluntarily accepted a benefit from Plaintiff under circumstances that would make it inequitable for Defendants to retain the benefit.

Nonetheless, the Court must dismiss Plaintiff's claim for unjust enrichment because she does not lack an adequate legal remedy.  See Prohias v. Pfizer, Inc., 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) ("Prohias II") (dismissing unjust enrichment claim premised upon misrepresentations about a product's qualities) (citing Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla.

2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy.")).  Plaintiff, in her unjust enrichment claim, seeks recovery for the exact same wrongful conduct as in her FDUTPA and misleading advertising claims.  Thus, if Defendants' marketing/advertising scheme is deceptive or misleading, and Plaintiff has been damaged by such scheme, then Plaintiff has a remedy at law as a properly pled claim under the Florida Statutes.  See Prohias II, 490 F. Supp. 2d at 1236 (citing Am. Honda, 390 F. Supp. 2d at 1178 ("The [d]efendants' quasi contract claim is predicated on the same set of allegations supporting their claims under FUTSA and FDUTPA.  Accordingly, because an adequate remedy exists at law, the Defendants have not stated a claim upon which relief may be granted for . . . unjust enrichment.")).  In other words, although a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail on her FDUTPA or misleading advertising claims, she cannot prevail on her unjust enrichment claim.  Plaintiff's claim for unjust enrichment is therefore dismissed.

### E. Personal Jurisdiction

Defendants argue that the Court lacks personal jurisdiction over MJN.  The determination of personal jurisdiction over a nonresident defendant, like MJN, requires a two-part analysis.  When jurisdiction is based on diversity, as here, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by the state long-arm statute.  Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).  Section 48.193(2), Florida Statutes provides as follows: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or

14

otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) (citing Int'l Shoe, 326 U.S. at 316; Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Here, the Complaint alleges that MJN "markets and sells the Product to consumers throughout the United States, including tens of thousands of consumers in Florida." Complaint ¶ 11. Thus, the face of the Complaint alleges that MJN maintains "substantial, continuous and systematic" contacts with Florida and is properly subject to "general jurisdiction" in Florida. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984); Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (holding that the Florida long-arm statute governing general jurisdiction merges with the due process standard); see also Trustees of Columbia Univ. v. Ocean World, S.A., 12 So. 3d 788, 793 (Fla. Dist. Ct. App. 2009) ("Continuous systematic business contacts [exist] where the defendant continuously solicits and procures substantial sales in Florida."). Nonetheless, the Court must accept the facts alleged in the complaint as true only to the extent they are uncontroverted by the

15

defendant's affidavits.  Robinson, 74 F.3d at 255 (11th Cir. 1996) (citing Madara, 916 F.2d at 1514).

Indeed, Defendants agree that if MJN "maintains 'substantial, continuous and systematic' contacts with the forum state, the defendant is properly subject to 'general jurisdiction' in the forum state."  Motion to Dismiss at 15.  Defendants further recognize that if "the defendant makes sales, solicits or engages in business in the state, [or] serves the state's markets," in the forum, the defendant is subject to personal jurisdiction there.  Id. (citing Helicopteros, 466 U.S. at 413-15).  Notwithstanding, Defendants contend that MJN has no contacts with the State of Florida.  Rather, Defendants point out that MJN is merely MJC's parent and  "the mere fact that [MJN's] subsidiary . . . has a presence in Florida is not sufficient to establish jurisdiction."  Reply at 14 (citing State v. Am. Tobacco Co., 707 So. 2d 851, 854-55 (Fla. Dist. Ct. App. 1998) ("The law is clear that the mere presence of a wholly owned subsidiary is insufficient to form a basis for the assertion of personal jurisdiction.")).

To support their position, Defendants filed an affidavit.  See DE 13-1. Specifically, William P'Pool, the Senior Vice President, General Counsel and Secretary of Mead Johnson Nutrition Company, executed a declaration wherein he averred that MJN "does not develop, manufacture, sell or otherwise distribute or have any involvement in Enfamil® LIPIL® . . . and does not develop, manufacture, sell or otherwise distribute or have any involvement in any infant nutrition product in Florida." DE 13-1 ¶ 5.

Because Defendants produced evidence that the Court lacks personal jurisdiction over MJN, Plaintiff must establish a *prima facie* case of personal jurisdiction

to defeat the Motion to Dismiss.  See Cable/Home Comm., 902 F.2d at 855.  A plaintiff

establishes a *prima facie* case when she establishes enough evidence to withstand a

motion for directed verdict.  E.g. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)

(citations omitted).

    Here, however, Plaintiff has submitted no evidence to controvert the assertions

in MJN's affidavit.[5]  Consequently, Plaintiff has not established a *prima facie* case of

personal jurisdiction over Defendant MJN.  The Court, therefore, finds that it lacks

personal jurisdiction over Defendant MJN and must dismiss Defendant MJN from this

case.

---

[5]    Plaintiff asserts in her Response that "MJN has sold its Enfamil products, and continues to do so, to Florida consumers on its website (www.meadjohnson.com)." The copyright on that website, however, displays MJC's name rather than MJN's name. Furthermore, even if MJN sold Enfamil through its own website, Plaintiff has adduced no proof that MJN has sold Enfamil through its website to residents of Florida. Moreover, statements in a brief cannot controvert evidence in the record.  See, e.g., Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991).

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss Class Action Complaint [DE 13] is **GRANTED IN PART AND DENIED IN PART**.

2.  The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction only as to Defendant MJN.

3.  Plaintiff's claim for unjust enrichment (Count III) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

4.  Plaintiff may file an amended complaint no later than March 23, 2010.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of March, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

18