UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 09-61625-CIV-COHN/SELTZER

| | | |
|---|---|---|
| ALLISON NELSON, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **CLASS ACTION** |
| MEAD JOHNSON & COMPANY, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MEAD JOHNSON & COMPANY'S OBJECTIONS TO EVIDENCE RELIED UPON BY PLAINTIFF IN SUPPORT OF HER MOTION FOR CLASS CERTIFICATION**

Plaintiff Allison Nelson ("Plaintiff") respectfully submits this Memorandum of Law in Opposition to the Objections to Evidence (the "Objections") filed by Mead Johnson & Company ("Mead Johnson").

## I.   PRELIMINARY STATEMENT

In its Objections, Mead Johnson moves the Court to decline to consider Plaintiff's Exhibits 3, 5, 6, 8, 14 and 18 attached to Plaintiff's Motion for Class Certification.  However, for the reasons set forth below, the Court should decline Mead Johnson's Objections and consider the pertinent Exhibits.

As an initial matter, courts may consider evidence during class certification that may not be admissible at trial.  Additionally, pre-trial evidentiary objections are disfavored in most circumstances and the admissibility of evidence is better ruled upon at trial.  Similarly, Mead Johnson's objections that Plaintiff's Exhibits are not properly authenticated are premature.  Mead Johnson has offered no indication (or even assertion) that the documents are not authentic, and testimony or other evidence supporting their authenticity will be offered when the documents are introduced at trial.  Mead Johnson's other objections, including that Plaintiff's Exhibits constitute hearsay, rely on an incorrect assessment of the purpose for which the evidence has been offered.

For these reasons, set forth in further detail below, Mead Johnson's Objections should be overruled in their entirety.

## II.   ARGUMENT

### A.   Defendant's Objections to Evidence Are Premature and Are More Properly Considered at Trial

Mead Johnson offers a motion objecting to a variety of the exhibits supplied by Plaintiff in support of her Motion for Class Certification.  Def's. Br. at 1[1].  This Motion is premature, however, because the standard Mead Johnson seeks to apply is not applicable at the class certification stage.  "[T]he Federal Rules of Evidence are not stringently applied at the class

---

[1] All references herein to "Def's. Br. at     " are to pages in Mead Johnson's Objections to Evidence Relied upon by Plaintiff in Support of Her Motion For Class Certification.

certification stage because of the preliminary nature of such proceedings." *Fisher v. Ciba Specialty Chem. Corp.,* 238 F.R.D. 273 (S.D. Ala. 2006). Courts confronted with Rule 23 issues may consider evidence that may not ultimately be admissible at trial. *See, e.g., In re Hartford Sales Practices Litigation,* 192 F.R.D. 592, 597 (D.Minn.1999) ("on a motion for class certification, the evidentiary rules are not strictly applied and courts will consider evidence that may not be admissible at trial"); *Thompson v. Board of Ed. of Romeo Community Schools,* 71 F.R.D. 398, 402 n. 2 (W.D. Mich. 1976) (explaining that rules of evidence "need not be viewed as binding during a hearing on such preliminary matters as class certification").

Defendant's Objections seek to exclude evidence prior to trial and thus should be evaluated similarly to a motion *in limine*. "Motions *in Limine* are disfavored; admissibility questions should be ruled upon as they arise at trial." *Stewart v. Hooters of America, Inc.,* 2007 WL 1752838 (M.D. Fla., 2007). Unless evidence is extremely prejudicial, it should be excluded by a court at trial, if at all, rather than through a motion *in limine*. *U.S. v Certain Land,* 547 F.Supp. 680 (E.D. Mich. 1982) ("although the use of a motion in limine is authorized for federal courts, its allowance by the trial court is purely discretionary and generally is confined to very specific evidentiary issues of an extremely prejudicial nature").

Federal courts have the power to exclude evidence *in limine* "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F.Supp. 1398 (N.D. Ill. 1993). Evidentiary rulings "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in context. *Id.* Denial of a motion *in limine* does not mean that all evidence contemplated by the motion will necessarily be admitted at trial; it simply means that the court will entertain objections on individual proffers as they arise at a trial. *Id.* Because the evidence supporting Mead Johnson's motion is not extremely prejudicial and is not clearly irrelevant on all potential grounds, a ruling as to the admissibility of that evidence should be deferred until the evidence is put into proper context at trial.

**B.**   <u>Evidence Will be Properly Authenticated When It is Offered at Trial</u>

Mead Johnson objects that none of Plaintiff's documentary exhibits have been properly authenticated. Def's. Br. at 1.  It is generally recognized that parties' exhibits may be considered for purposes of pretrial rulings so long as they can be reduced to "admissible form at trial." *See, e.g., U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 (11th Cir. 1991) (considering evidence on summary judgment that was "reducible to admissible evidence" at trial); *Longcrier v. HL-A Co., Inc.,* 595 F.Supp.2d 1218, 1223 (S.D. Ala. 2008) (denying defendant's motion to strike plaintiff's exhibits because they were not properly authenticated).   Plaintiff will properly authenticate evidence when it is introduced at trial.  There is no reason to believe, and in fact Mead Johnson does not argue, that any of the exhibits at issue will be difficult to authenticate. *See id.* at 1223 ("Defendant does not suggest that it ever contacted Plaintiffs to discuss any legitimate concerns or questions it may have had concerning these exhibits, much less that it emerged from such discussions unsatisfied. By all appearances, then, Defendant's Motion to Strike was prompted not by *bona fide* concern that these exhibits are incomprehensible or contain fabricated data, but instead by a desire to multiply these proceedings and inconvenience Plaintiffs by obliging them to comply with a technical standard that is not required at this juncture").   The Court can properly consider the authenticity of the exhibits once the evidence has arisen at trial and Plaintiff has been afforded an opportunity to properly authenticate it.

**C.**   <u>The Exhibits At Issue Are Admissible and Should Be Considered by the Court</u>

**1.**   <u>Exhibit 3</u>

Exhibit 3 is a report prepared by the Economic Research Service of the United States Department of Agriculture (the "USDA Report") entitled, "Recent Trends and Economics Issues in the WIC Infant Formula Rebate Program." Def's. Br. at 1. Mead Johnson objects in part on the ground that the report has not yet been authenticated. Plaintiff will fully authenticate this and all other evidence before it is introduced at trial, as discussed above.  While authentication at this stage is not required, the report itself shows evidence of authenticity including distinctive characteristics including the USDA and Economic Research Service logos and contains

4

substantive research closely related to the subject matter with which those organizations deal. Evidence may be authenticated based upon the distinctive characteristics of the evidence in question. Fed. R. Evid. 901(b)(4). Additionally, testimony or other extrinsic evidence may be presented to authenticate the report when it is offered as evidence at trial.

Defendant also objects that the evidence is hearsay. However, the USDA Report properly falls within the exception to the hearsay rule set forth in Federal Rule of Evidence 803(8). It is not merely a report "prepared by authors that happen to be employed by the USDA," as Mead Johnson contends, but is an official report prepared by the Economic Research Service in furtherance of the USDA's legal duty to efficiently administer the Special Supplemental Nutrition Program for Women, Infants and Children ("WIC"). As such it is a qualified public record. *See Dudden v. C.I.R.,* 91. T.C. 642, (Tax Court, 1988) (holding that USDA report on price conditions relating to the hog market was excepted from the hearsay rule as a public record under 803(8)).

Finally, Mead Johnson objects to the inclusion of the USDA report on the ground that it is not relevant. Yet, the report is offered as support for two points: 1) that Mead Johnson began selling formula with DHA and ARA in 2002; and 2) at about the same time, Mead Johnson's competitors also introduced product lines of formula containing DHA and ARA. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Class Certification ("Class Cert. Mem."), at 3. Neither point is in dispute. However, both points are relevant for purposes of background regarding the infant formula industry and competition among the various formula manufacturers, which is why the Exhibit was attached to Plaintiff's Motion for Class Certification.

## 2. **Exhibit 5**

Exhibit 5 is a transcript of trial proceedings in the matter of *PBM Products, LLC v. Mead Johnson Nutrition Company, et al.,* Eastern District of Virginia Case No. 3:09CV269 (the "PBM Action"). Mead Johnson objects to Exhibit 5 on the grounds that it is composed of out of court statements offered for the truth of the matters asserted therein and is therefore inadmissible as hearsay. Defs. Br. at 2. Not so. Indeed, as was pointed out in Plaintiff's Motion for Class Certification, the issue at the class certification stage is not whether Mead Johnson's statements are

false or deceptive, but whether Plaintiff can present her case on a classwide basis. *See* Class Cert. Mtn, at 1.

Plaintiff offers this evidence not to prove the truth of the matters asserted or to suggest that the testimony in the transcripts is true, but rather to illustrate that there are issues of law and fact relevant to the adjudication of this case which can be resolved on a classwide basis by virtue of this and similar evidence common to the Class. The transcripts in Exhibit 5 illustrate the type of evidence that can be presented to show commonality between the claims of the Class members, such as the extent of Mead Johnson's knowledge of the composition of Enfamil relative to other formula brands. Whether the statements contained in the transcripts are true or not is irrelevant because the statements are evidence that Mead Johnson's knowledge of the represented superiority of Enfamil to other formulas is an issue that may be resolved on a classwide basis. This evidence points to the sufficiency of the Class and the appropriateness of class treatment, which is why it was raised in Plaintiff's Motion for Class Certification. It is well settled that when a statement is submitted not "to prove the truth of the matter asserted therein," but rather simply to establish "the fact that something was said, or identify what was said," that statement is not hearsay. *See, e.g., Stern v. Waldbaum, Inc.,* 234 A.D.2d 534, 535 (App. Div. 2d Dep't 1996) ("[A] statement which is not offered to establish the truth of the facts asserted therein is not hearsay"). *See also* 31A Corpus Juris Secundum Evidence § 259.

Additionally, even if Exhibit 5 had been offered to prove the matters asserted therein, declining to consider the Exhibit in its entirety would be inappropriate. The portions of the Exhibit which contain testimony by Hugh Tucker and Nicky Tesh are admissible under an exception to the hearsay rule because these individuals are Mead Johnson employees, and their statements are admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2). This Rule holds that a statement is not hearsay if it is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity, or (B) a statement of which the party has manifested an adoption or belief in its truth. Fed. R. Evid. 801(d)(2); *U.S. v. Moffie*, 239 F. App'x

150, 156-57 (6th Cir. 2007) (finding that a deposition transcript from a prior, unrelated case constituted an admission of a party opponent and was thus admissible).

Finally, Mead Johnson contends that the entire Exhibit is not relevant and is not the proper subject of judicial notice. Def's Br. at 4. As discussed above, the Exhibit is relevant because it is one of several sources of evidence common to the Class demonstrating Mead Johnson's awareness of the matters discussed in the transcripts, including the respective compositions of Enfamil and competitor infant formula brands. As such, it bears directly on one of the key disputed fact issues common to the Class of the represented superiority of Enfamil vis-à-vis its competitors.

Mead Johnson relies on *Global Relief Found. v. New York Times Co.* for the proposition that court records are not properly the subject of judicial notice for the truth of the matters asserted therein. However, as that very case notes, court records are the proper subject of judicial notice when offered for other reasons. *Global Relief Found. v. New York Times Co.,* No. 01-C-8821, 2002 U.S. Dist. LEXIS 17081 (N.D. Ill. Sept. 11, 2002) (holding that the court may not take notice of the truth of the allegations in a complaint, but may take notice of the fact that a complaint was filed). Because Exhibit 5 is being used as evidence of what was said and what information Mead Johnson was aware of, rather than being used for the truth of the matters asserted, it is not hearsay and should be considered by the Court.

### 3.   Exhibit 6

Mead Johnson contends that the Court should decline to consider Exhibit 6 because it has not been properly introduced into evidence. Exhibit 6 is composed of three documents which were introduced into evidence at trial in the PBM Action (Trial Exhibits 51, 165, and 187). As stated above, this Exhibit, like all other evidence relied on by Plaintiff, will be fully and properly authenticated when it is offered at trial. Additionally, it should be noted that Mead Johnson has not offered any reason to doubt this Exhibit may not be what it is purported to be or that it may be difficult to authenticate. Indeed, the appearance, contents, substance, internal patterns and other distinctive characteristics of the evidence (such as the Bates numbering from the prior action, the e-mail headers and the very subject matter of the documents) suggest that the documents will be

easily authenticated under Fed. R. Evid. 901(b)(4).   Testimony or other evidence will be introduced as necessary to authenticate the Exhibit when it is offered at trial.

### 4.   Exhibit 8

Exhibit 8 is a copy of the Memorandum Opinion issued by the court in the PBM Action granting injunctive relief in that action.   Mead Johnson objects to it on the grounds that it is not relevant, it has not been authenticated, and is inadmissible as character evidence.

Exhibit 8 is offered for the purpose of showing that Mead Johnson was aware that at least one of its competitors believed its statements in advertising Enfamil infant formula were deceptive and that those statements may confuse or harm consumers.   This Exhibit is not offered as proof that Mead Johnson's claims were in fact false, which is a merits issues that will be proven at trial through other evidence.   Instead, this Exhibit is presented to show Mead Johnson's awareness of the potential deceptiveness of its advertising representations may be demonstrated on a classwide basis.   It would be unfair to allow Mead Johnson to prohibit the use of evidence for this purpose simply because it touches on the issue of Mead Johnson's wrongdoing.   The Exhibit is relevant to the issue of class certification and is admissible for that purpose.

As discussed above, Mead Johnson is premature in raising the issue of authentication prior to the introduction of evidence at trial, and the evidence can and will be authenticated at the proper time.   Further, as also discussed above, taking judicial notice of court records is proper where, as here, the court record is admitted to show that something was said, rather than to prove the truth of the matter asserted.   Exhibit 8 is therefore the proper subject of judicial notice.

Finally, Mead Johnson attempts to invoke the protection of Fed. R. Evid. 404(b) by characterizing Exhibit 8 as evidence of a prior bad act used to prove conduct in conformity therewith.   However, the Rule itself clearly states that such evidence may be admissible for other purposes, including intent, knowledge, or absence of mistake or accident.   Fed. R. Evid. 404(b). As the Exhibit pertains to Mead Johnson's knowledge of the potential deceptiveness of its representations, and is not offered to show that Mead Johnson took actions in conformance with

any alleged character traits, it comes within the Rule's express exclusions. Therefore Exhibit 8 is specifically excluded from the terms of Rule 404(b) and it should be considered by the Court.

### 5. <u>Exhibit 14</u>

Exhibit 14 is a printout from the "Frequently Asked Questions" section of Mead Johnson's website. Mead Johnson objects on the grounds that Exhibit 14 has not been authenticated and is not relevant. Mead Johnson does not deny that the Exhibit is in fact what it purports to be and does not claim that it will be difficult to authenticate for any reason. There is no reason to suspect that the document is inauthentic, and the appearance, contents and substance of the document indicate that a jury could reasonably find that the document is authentic. Testimony or other evidence authenticating the document will be presented when the document is offered at trial.

Mead Johnson also objects to Exhibit 14 on the grounds that it is irrelevant, although it offers no reason or argument as to why that is the case. The document contains Mead Johnson's public statements regarding Enfamil and the importance of its "unique" nutrient blend to infant development. This is relevant to the issue of class certification because it is evidence that one of the key alleged misrepresentations at issue was uniformly and widely disseminated to the class. Mead Johnson's conclusory contention that it is irrelevant should be disregarded, and Exhibit 14 should be considered by the court.

### 6. <u>Exhibit 18</u>

Exhibit 18 is a compliance report prepared by the National Advertising Division of the Council of Better Business Bureaus ("NAD"). Mead Johnson objects to this evidence on the grounds that it has not been authenticated and that it undermines NAD's privacy practices. Def's Br. at 7.

As discussed repeatedly above, Mead Johnson's authenticity challenge is premature. This document, like all of Plaintiff's evidence, will be properly authenticated through testimony or other evidence when it is offered at trial. Mead Johnson does not contend that Exhibit 18 is anything other than what it purports to be and offers no reason to question the authenticity of the document.

Mead Johnson also offers no reason why the asserted confidentiality rules of a private corporation would govern what evidence is admissible in federal court. Further, Mead Johnson misrepresents NAD's confidentiality policy. Mead Johnson quotes one sentence of NAD's policy which states that NAD keeps confidential all data it receives in reviewing a case. *Id.* However, the very next sentence states that NAD's decision on the cases will be made public. *See, e.g.,* http://www.nadreview.org/AboutNAD.aspx, (NAD Frequently Asked Questions "FAQ" page) ("The challenger's and advertiser's positions, NAD's decision and a statement by the advertiser are made public."). The report in question is a NAD decision and is thus properly publicized under this policy. Exhibit 18 should be considered by the Court.

## III.   CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court overrule Mead Johnson's Objections in their entirety and consider the Exhibits at issue in ruling on Plaintiff's Motion for Class Certification.

DATED: August 13, 2010

s/William C. Wright
Florida Bar No. 138861
Theodore J. Leopold
**LEOPOLD KUVIN, P.A.**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 935-4801
Fax: (561) 515-1401
Email: wwright@leopoldkuvin.com
Email: tleopold@leopoldkuvin.com

Elaine A. Ryan, Esq.
Patricia N. Syverson, Esq.
**BONNETT, FAIRBOURN,
 FRIEDMAN & BALINT, P.C.**
2901 N. Central Ave., Suite1000
Phoenix, AZ 85012
Tel: (602) 274-1100
Fax: (602) 798-5860
Email: eryan@bffb.com
Email: psyverson@bffb.com

Timothy G. Blood
Thomas J. O'Reardon II
**BLOOD HURST & O'REARDON,
LLP**

600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  (619) 338-1100
Facsimile:  (619) 338-1101

Patrick J. Sheehan
**WHATLEY  DRAKE  &  KALLAS
LLC**
60 State Street, 7th Floor
Boston, MA 02109
Tel:  (617) 573-5118
Fax:  (617) 573-5090
Email:  psheehan@wdklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

s/William C. Wright