UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61625-CIV-COHN/SELTZER

ALLISON NELSON, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

MEAD JOHNSON NUTRITION COMPANY
and MEAD JOHNSON & COMPANY,

    Defendants.
_____/

ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel (DE 82) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 3). The Court having considered the briefed Motion (DE 82, 87-89) and being otherwise fully advised, it is hereby ORDERED that the Motion is DENIED in PART and DENIED as MOOT as set forth below.

Currently, Plaintiff Allison Nelson[1] brings claims against Defendant Mead Johnson & Company ("MJC") for deceptive and unfair trade practices and for false and misleading advertising regarding MJC's product Enfamil® LIPIL® infant formula ("Enfamil"). See Class Action Complaint (DE 1) (alleging, inter alia, violations of Fla. Stat. § 501. 201, et seq. and

---

[1] Plaintiff has filed a class action complaint "on behalf of her self and all similarly situated Florida consumers," seeking to represent "[a]ll persons in Florida, who, within the applicable statute of limitations, purchased Enfamil LIPIL," excluding "the Defendants, any parent, subsidiary or affiliate of the Defendants, any entity in which the Defendants have a controlling interest, and the respective officers, directors, employees, agents, legal representatives, heirs, predecessors, successors, and assigns of such excluded persons or entities." Complaint at ¶39 (DE 1).

Fla. Stat. § 817.41); see Order Granting in Part and Denying in Part Motion to Dismiss (DE 31) (dismissing without prejudice Plaintiff's remaining claim for unjust enrichment for failure to state a claim and dismissing without prejudice the Plaintiff's Complaint against Defendant Mead Johnson Nutrition Company for lack of personal jurisdiction).[2]

While engaged in discovery, MJC has produced to Plaintiff over 875,000 pages of documents, including all studies and factual materials that MJC had previously submitted to the National Advertising Division of the Council of Better Business Bureaus ("NAD"). See Response at 1-2 (DE 88) (noting MJC's production "of the MJC advertisements at issue in the NAD proceeding all well as the studies and the test results related to that proceeding" and copies of the NAD's decisions); see also Plaintiff's First Request for Production Nos. 18 and 20 (DE 82-2) (seeking "[a]ll documents related to any complaints or inquiries from competitors regarding advertisements of Enfamil LIPIL" and "[a]ll documents relating to any communications from or to the National Advertising Division of the Council of Better Business Bureaus"). MJC, however, has not produced to Plaintiff the attorney-prepared briefs and (appended) expert declarations ("NAD documents") previously submitted to NAD in a proceeding commenced by MJC's competitor, Abbott Nutrition, regarding the same type of advertising claims that Plaintiff challenges. See Objections and Response to Plaintiff's First Request for Production (DE 82-2) (voicing, inter alia, relevancy objections).

Plaintiff now (ultimately) moves the Court to compel MJC to produce these withheld

---

[2] The record reflects that Plaintiff has not filed an Amended Complaint and the time for doing so has passed. See Order Granting in Part and Denying in Part Motion to Dismiss (DE 31) (permitting Plaintiff to "file an amended complaint no later than March 23, 2010").

NAD documents. See Reply (DE 89).³ The discovery rules, [however], are not a ticket . . . to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest." Sommerfield v. City of Chicago, 251 F.R.D. 353, 358 (N.D. Ill. 2008) ("Parties are entitled to a reasonable opportunity to investigate the facts – and not more."); Awad v. CiCi Enters., No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) ("discovery is not a fishing expedition").  Here, the Court fails to see (at this juncture) how the legal arguments and expert declarations from the NAD proceeding, which were presented in the context of a competitor dispute, are relevant or may lead to the discovery of admissible evidence as to the limited consumer claims raised in this action. See Fed. R. Civ. P. 26(b)(1);⁴ see also Response at 6 (DE 88) ("Admittedly, the NAD proceeding involves the same type of advertising claims that plaintiff has challenged here, and, for that reason, among others, MJC has produced all documents [including all studies and factual information] related to the NAD proceeding with the exception of the parties' legal arguments and expert declarations."); e.g., Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2008 WL 2694750, at *8 (S.D. Fla. July 8, 2008) (finding

---

   ³ Initially, Plaintiff had also moved the Court to compel MJC to produce information concerning its search methodologies. See Motion at 10 (DE 82) (requesting that MJC be "ordered to detail the methodology used relating to the document productions thus far, and ordered to participate in good faith negotiations over search methodologies for additional searches").  After the filing of the instant motion, however, the parties were able to resolve this issue without court intervention.  See Joint Status Report (DE 87) (stating that "defendant agrees to disclose the methods(s) it used for searching documents in connection with its production of documents" and that "plaintiff withdraws this issue from the [instant] Motion to Compel . . . .").

   ⁴ "Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

that "the mere fact that Plaintiffs allege that Humana committed a bad act does not entitle them to discover each and every piece of paper related to any prior bad act committed by Humana in an effort to prove that this bad act is consistent with Humana's pattern of committing a long line of bad acts" and declining to compel the requested information on relevancy grounds). And Plaintiff has not shown otherwise. See Suncast Techs., LLC v. Patrician Prods., Inc., No. 07-80414-CIV, 2008 WL 179648, at *5 (S.D. Fla. Jan. 17, 2008); Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) (emphasis in original) ("[W]hen relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request."); see also Burger King Corp. v. Weaver, 169 F. 3d 1310, 1320 (11th Cir. 1999) (emphasizing that "a district court can deny a motion to compel further discovery if it concludes that the [requested information is] irrelevant") (citations omitted). The Court, therefore, declines to compel the requested (additional) production on relevancy grounds.[5]

Accordingly, based on the foregoing, it is hereby ORDERED that Plaintiff's Motion to Compel is DENIED in PART and DENIED as MOOT as follows:

1.    To the extent that Plaintiff moves the Court to compel MJC to produce the

---

[5] Plaintiff's contentions that MJC has waived this objection are not well-taken. See, e.g., Weissman v. Nat'l Ass'n of Sec. Dealers, No. 03-61107-CIV-ZLOCH, 2008 WL 1723673, at *1 (S.D. Fla. April 10, 2008) (emphasizing that waiver provisions are "contrary to the purpose of accessing and discovering the truth of the claims codified in the Federal Rules") (citing U.S. v. Proctor & Gamble, Co., 356 U.S. 677, 682 (1958) ("'[The discovery rules] together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent'"); see also Response (DE 88). Moreover, Plaintiff had ample notice and communications regarding of MJC's objections. See Objections and Response to Plaintiff's First Request for Production (DE 82-2); e.g., Plaintiff's July 7, 2010 Letter to MJC and MJC's July 14, 2010 Response thereto (DE 82-4 and DE 82-5).

(withheld) "NAD documents," it is DENIED.

     2.    To the extent that Plaintiff moves the Court to compel MJC to produce search methodologies, it is DENIED as MOOT.

     DONE AND ORDERED in Fort Lauderdale, Florida, this 14th day of September 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record