UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 09-61625-CIV-COHN/SELTZER

ALLISON NELSON, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

MEAD JOHNSON &
COMPANY, LLC,

        Defendant.

_____

**DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING
RULE 23(f) APPEAL AND INCORPORATED MEMORANDUM OF LAW**

Defendant Mead Johnson & Company, LLC ("Defendant" or "Mead Johnson"), moves for a stay of proceedings in light of pending proceedings before the Court of Appeals that will bear directly on the Court's decision in this case.

On November 1, 2010, pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court granted Plaintiff's motion to certify a class comprised of all Florida consumers who purchased Enfamil® LIPIL® infant formula within the applicable statute of limitations. In reaching that decision, this Court rejected Mead Johnson's position that Plaintiff had failed to satisfy the "causation" element of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), reasoning that Plaintiff need prove only that Defendant's advertising "would deceive an objective reasonable consumer," without any need to show that a particular class member was deceived or even saw the allegedly deceptive advertisement. Order Granting Motion for Class Certification dated November 1, 2010 ("Order") at 17. The Court also rejected Defendant's

contention that the named plaintiff was inadequate and atypical of the proposed class both because her claim is barred by the applicable statute of limitations and because the advertising to which she was exposed was different in kind from that which many other members of the class are alleged to have experienced.  Mead Johnson has petitioned the Eleventh Circuit for permission to appeal the Order pursuant to Federal Rule of Civil Procedure 23(f).

Notably, the issue of whether FDUTPA's causation element requires only an "objective reasonable consumer" analysis, as this Court found, or whether it requires a showing of something more, as Mead Johnson asserts, is currently pending before the Court of Appeals in another matter (*Fitzpatrick v. General Mills*, *Inc.*, No. 10-11064-A).  Because the *Fitzpatrick* decision will have a direct bearing on the propriety of this Court's Order, and because Mead Johnson itself has submitted its own Rule 23(f) petition for interlocutory appeal, Mead Johnson respectfully requests that this Court grant a stay of these proceedings until resolution of the *Fitzpatrick* appeal or of any appeal in this case should the Eleventh Circuit decide to grant Mead Johnson's Rule 23(f) petition.

## MEMORANDUM OF LAW

I.       The Proceedings Are Properly Stayed Pending Guidance from the Court of Appeals

Under Rule 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."  Whether a stay is appropriate is determined by a flexible balancing of factors, including: (1) the possibility of irreparable harm to the moving party if the stay is denied; (2) the possibility of irreparable harm to other parties if the stay is granted; (3) the significance of the costs of proceeding, in light of the chance that class certification will be overturned on appeal; and (4) the possibility of harm to the public.  *See In re*

*Federal Grand Jury Proceedings*, 975 F.2d 1488, 1492 (11th Cir. 1992); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002).

As mentioned above, the Court of Appeals has already granted a Rule 23(f) request to appeal in *Fitzpatrick*, in which a class has been certified notwithstanding the conflicting caselaw on the issue of causation.  *See* Order at 14 (citing *Fitzpatrick*).  Judge Huck of this Court granted the parties a stay in that case while that appeal is pending.

The district court in *Fitzpatrick* interpreted the Florida First District Court of Appeal's decision in *Davis v. Powertel, Inc.*, 776 So. 2d 971 (Fla. 1st DCA 2000), to hold that individual reliance on the alleged deceptive statement was not necessary for FDUTPA liability.  The rejection of the individual causation element under FDUTPA is likewise central to this Court's November 1, 2010 Order granting class certification.  As this Court recognized in its Order, the Florida Supreme Court has yet to rule on the elements of a FDUTPA claim, and Florida's appellate courts have issued differing opinions on the causation requirement.  *See* Order at 5 ("The Supreme Court of Florida has not set forth the elements of a FDUTPA claim."); *Id.* at 6 n.2 ("Some Florida District Courts of Appeal have determined that causation is an element of a consumer FDUTPA action for damages.").  *See also Philip Morris USA, Inc. v. Hines*, 883 So. 2d 292, 294 (Fla. 4th DCA 2003) (per curiam) (questioning whether *Powertel* "gives fair consideration to the principle of causation within section 501.211(2)"); *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1179 n.1 (Fla. 5th DCA 2006) ("[W]e too question the lack of analysis in *Powertel* of the causation element . . . .").

**The decision in the *Fitzpatrick* appeal - however decided - will have a direct bearing on the certification decision in the case at bar.**  If the Court of Appeals finds that the *Fitzpatrick* court's conclusion that individual reliance on the alleged deceptive statement was not

3

necessary for FDUTPA liability was erroneous, it will be necessary to decertify or modify the class, as it includes all Florida consumers who purchased Enfamil® LIPIL® during the applicable statute of limitations regardless of whether they relied on – or even saw – the allegedly deceptive advertising.  Even if the Court of Appeals affirms the *Fitzpatrick* certification, its reasoning may require a more limited class such as that defined in that case (consumers who purchased the product "due to the allegedly deceptive advertisements at issue . . . ."). *Fitzpatrick* Petition for Permission to Appeal at 16 (attached hereto as Exhibit A).  In this case, the class is not so limited.  *See* Order at 13 ("[T]he Proposed Class is '[a]ll Florida consumers who purchased Enfamil® LIPIL® within the applicable statute of limitations.'").

There is also substantial reason to believe the Eleventh Circuit will grant Mead Johnson's Rule 23(f) petition given the even broader scope of the class, and in light of the additional concerns with respect to Allison Nelson as the named plaintiff.

Grant of a stay here would be consistent with the elements that this Court should consider.  For example, the district court in *In re Lorazepam* granted a stay in an antitrust case pending appeal of its class certification order in large part because it predicted that the appellate court would accept the defendants' Rule 23(f) petition and reach the merits of the class certification decision.  208 F.R.D. at 4-5.  Here, the Court of Appeals has already agreed to accept the *Fitzpatrick* defendants' Rule 23(f) appeal, and the rationale of *Lorazepam* applies with even greater force.  The *Fitzpatrick* appeal is fully briefed and will be argued the week of January 10, 2011.  *See* Notice from United States Court of Appeals for the Eleventh Circuit dated September 3, 2010 (attached hereto as Exhibit B).

II.     Balance of Potential Harms Greatly Favors A Stay

Given the fact that the Court of Appeals already is examining what is a significant underpinning of this Court's Order, Mead Johnson respectfully suggests that it would waste scarce judicial and party resources to continue to prepare this case for trial while that appeal and Mead Johnson's Rule 23(f) petition are pending. If certification is reversed in *Fitzpatrick* or in this case, then the scope of the case will diminish significantly. Denial of a stay also may lead to significant injustice by increasing the pressure for the parties to settle on the basis of a class that the Court of Appeals' ruling in *Fitzpatrick* may later signal was improper.

Moreover, because a prerequisite to further litigation of this case is dissemination of class notice, pursuing the case further while the *Fitzpatrick* appeal is pending and while a motion for permission to appeal in this case has been filed would confuse putative class members by advising them of the certification of a class action when the continued status of this class is uncertain. In addition to confusion, this would constitute a significant expense. *See* Manual for Complex Litigation, Fourth, § 21.28 at 284 ("If the appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination."). Beyond the expense of class notice, the parties will be forced to undertake the extremely expensive tasks of expert discovery, trial preparation, and trial if a stay is not granted.

The public will not be harmed by a delay in the proceedings, as the advertisements at issue are no longer in use. Plaintiff and members of the class will not be irreparably harmed by the granting of the stay as the only detriment to them would be a slight delay in the receipt of a relatively small monetary recovery in the event Plaintiff prevails at trial and on appeal. *See*

Order at 6 n.2 ("[I]n FDUTPA actions like the case at bar, the amount in controversy for an individual plaintiff is too insignificant to make the claim worth pursuing."). In contrast, if Mead Johnson is forced to expend significant amounts to defend itself at trial or as part of any settlement, Mead Johnson will be irreparably harmed since it will not be able to recoup those expenses if the Court of Appeals ultimately rules that proof of causation is required or if class certification in this case is subsequently overturned.

  WHEREFORE, Defendant, Mead Johnson & Company, LLC, requests that the Court enter an order staying all deadlines and proceedings in this Court until the later of such time as the Court of Appeals has finally adjudicated Defendant's Rule 23(f) appeal or the appeal in *Fitzpatrick*, and granting Defendant such other and further relief as the Court deems just and proper.

*s/ Alan Rosenthal*
Alan Rosenthal
Natalie J. Carlos
CARLTON FIELDS, P.A
Suite 4200
Miami Tower
100 S.E. Second Street
Miami, FL 33131
Tel. 305.530.0050
Fax. 305.530.0055

Behnam Dayanim
AXINN VELTROP & HARRIDER LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel. 202.912.4700
Fax. 202.912.4701

Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for Defendant have conferred with Plaintiff's counsel regarding the requested relief.  Plaintiff's counsel has advised that Plaintiff will consent to a four week stay but no longer.  Because such period would not be sufficient for resolution of the appeal in *Fitzpatrick* or of Defendant's Rule 23(f) appeal in this case, Defendant has filed this motion.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has electronically filed on November 18, 2010, with the Court's CM/ECF system, which will send a notice of filing to all counsel of record.

*s/ Alan Rosenthal*