UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-MD-02222-COHN/SELTZER

IN RE: ENFAMIL LIPIL MARKETING
AND SALES PRACTICES LITIGATION
MDL 2222

_____

THIS DOCUMENT RELATES TO:

In Re: Enfamil LIPIL Marketing and Sales Practices Litigation, No. 11-md-02222-
COHN/SELTZER
Francis v. Mead Johnson & Co., No. 11-cv-60369-COHN/SELTZER
Kaplan v. Mead Johnson Nutrition Co., No. 11-cv-60358-COHN/SELTZER
Martin v. Mead Johnson Nutrition Co., No. 11-cv-60356-COHN/SELTZER
Nelson v. Mead Johnson & Company, LLC, No. 09-cv-61625-COHN/SELTZER
Pelkey v. Mead Johnson Nutrition Co., No. 11-cv-60407-COHN/SELTZER
Ramos v. Mead Johnson Nutrition Co., No. 11-cv-60632-COHN/SELTZER
Weeks v. Mead Johnson Nutrition Co., No. 11-cv-60366-COHN/SELTZER
Patrick v. Mead Johnson, et al., No. 11-cv-60449-COHN/SELTZER

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CASES WITH PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff's Motion to Certify Class and for

Final Approval of Settlement [DE 54][1] and Defendant's Motion for Settlement [DE 55]

(collectively "Motions to Approve Final Settlement"). The Court has carefully reviewed

the Motions to Approve Final Settlement, the objections thereto, the arguments of

counsel at the September 26, 2011 fairness hearing, the record in the case and is

otherwise fully advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED THAT**:

1.    Plaintiff's Motion to Certify Class and for Final Approval of Settlement [DE 54] is

_____

[1]    All "DE" references are to entries on the docket in the consolidated action,
In Re: Enfamil LIPIL Marketing and Sales Practices Litigation, No. 11-md-02222-
COHN/SELTZER (S.D. Fla.).

**GRANTED**.

2.      Defendant's Motion for Settlement [DE 55] is **GRANTED**.

3.      This Final Order Approving Class Action Settlement and Dismissing Case with Prejudice ("Final Order") incorporates by reference the definitions in the Stipulation of Settlement filed in this Court on March 15, 2011 [DE 26] ("Stipulation"), and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Final Order as if set forth fully here.

4.      The Court has jurisdiction over the subject matter of this action, including all matters necessary to effectuate the Settlement, and over all Parties to the Action, including all Class Members.

5.      Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), the Court hereby finally certifies the following Class for settlement purposes only:

> All purchasers of Enfamil LIPIL® infant formula in the United States between October 13, 2005, through and including March 31, 2010. Excluded from the Class are those who received Enfamil LIPIL® through the United States Department of Agriculture's Women, Infants, and Children program ("WIC") and those who purchased for the purpose of resale.

6.      Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

7.      Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiff Allison Nelson is a member of the Class, her claims are typical of the

Class, and she fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Allison Nelson as the class representative.

8. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), for certification of the class claims alleged in the Amended Class Action Complaint [DE 31], including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

9. Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and, thus, hereby appoints Class Counsel as counsel to represent the Class Members.

10. The Court finds that Defendant has satisfied the requirements of notice to the appropriate federal and state officials set forth in the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The list of Persons excluded from the Class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit A. Persons who filed timely, completed Opt-Outs are not bound by this Final Order or the terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such Persons are not entitled to any rights or benefits provided to

Class Members by the terms of the Stipulation.

12.     The Court directed that Class Notice be given to Class Members pursuant to the notice program proposed by the Parties and approved by the Court.  In accordance with the Court's Preliminary Approval Order (as amended by Order dated April 1, 2011 [DE 34]) and the Court-approved notice program, the Claims Administrator caused the Class Notice to be sent to Class Members in the manner described in the Stipulation of Settlement.  The Postcard Notice, which is attached hereto as Exhibit B, was mailed to 2,479,822 identified potential Class Members.  The Email Notice, which is attached hereto as Exhibit C, was emailed to 2,816,352 unique email addresses of identified potential Class Members.  The Notice of Class Action Settlement was posted on the Settlement Website.  The Publication Notice was published in accordance with the Court's Preliminary Approval Order and the Court-approved notice program.  The Declaration of Joel Botzet of Rust Consulting, Inc., filed in this Court on August 8, 2011 [DE 55-1], attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order.  The Class Notice advised Class Members of the terms of the settlement; of the Final Approval Hearing, and their right to appear at such Final Approval Hearing; of their rights to remain in, or opt out of, the Class and to object to the Settlement; the procedures for exercising such rights, including but not limited to the procedures for submitting a Claim Form; and the binding effect of this Final Order, whether favorable or unfavorable, to the Class.

4

13. The Court finds that the Class Notice provided to Class Members, in the form and manner of distribution described above, constitutes the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, and any other applicable law. The declarations filed with the Court demonstrate that the Parties have fully complied with the Court's Preliminary Approval Order (as amended by Order dated April 1, 2011) and that the best notice practicable under the circumstances was in fact given to Class Members.

14. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other interested persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The Settlement is in the best interest of the Class and the interests of the Class are better served by approval of the Settlement than by continued litigation of this Action. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, John Freud, Esq., of Mediation Solutions, Inc. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice. A full and fair opportunity was accorded to all Class Members to be heard with respect to the terms of the Settlement through the objections procedure set forth in the Stipulation and at the Final Approval Hearing. The objections filed by Larry N. Gnerer [DE 43], Corry Riley [DE 44], Lee A.

McCollough [DE 45], Maria Keller [DE 46], Laura Pacter [DE 47], Elva L. Walters [DE 48], Sara Nivison [DE 50], Lisa Wallace-Grossman [DE 51], Jerome J. Dennis [DE 58], Sandra M. Pack [DE 61], and Margaret Huter [DE 62] have been considered by the Court and determined to be without merit and are overruled in all respects.

15. All Class Members who have not timely and validly filed opt-outs are thus Class Members who are bound by this Final Order and by the terms of the Stipulation. All Class Members, with the exception of those identified on Exhibit A attached hereto, are forever enjoined and barred from commencing or prosecuting, maintaining, intervening in, or participating in, either directly or in a representative capacity, any action, lawsuit, or proceeding in any court, agency, or other tribunal against the Released Parties based on, arising out of, or relating to the Released Claims.

16. The requirements and provisions of 28 U.S.C. § 1715 having been satisfied, Class Members may not refuse to comply with or be bound by this Final Order and by the terms of the Stipulation pursuant to 28 U.S.C. § 1715(e).

17. The form of the Settlement Proceeds and the manner in which they will be distributed, as set forth in detail in the Stipulation of Settlement, are found to be fair, reasonable and adequate.

18. Neither this Final Order nor the Stipulation (nor any other order in this Action, nor any action taken to carry out this Final Order) may be construed as, or may be used as an admission, concession or finding by or against the Released Parties

6

of the validity of any class or claim or any actual or potential fault, wrongdoing or liability whatsoever.  Entering into and carrying out the Stipulation, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action.

19.  The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiff initiated the Action, acted to protect the Class, and assisted her counsel.  The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class.  Plaintiffs' Counsel have made application for an award of attorneys' fees and costs in connection with the prosecution of this Action.  This application is found to be fair, reasonable and justified under the circumstances.  The Court hereby awards to Plaintiffs' Counsel $3.5 million as attorneys' fees and $140,000 in costs incurred in the Action and in the Enfamil Lawsuits.

20.  Plaintiff Nelson is hereby awarded an incentive award of $10,000, which Defendant agrees to pay.  The plaintiffs who filed related cases against Defendant, who have agreed to the terms of the Stipulation, and whose claims will be finally and fully resolved by this Final Order, with prejudice, are each entitled to incentive awards as follows: $2,500 each to Michelle Weeks,

7

Katherine Francis, Stuart Kaplan and Gina Martin; and $1,000 each to Kimberly

Pelkey, Rene Ramos and Arlene Patrick.

21.   The Court hereby dismisses with prejudice, and on the merits, the Action and the

related Enfamil Lawsuits that were consolidated before this Court by the Judicial

Panel for Multidistrict Litigation,[2] and all Released Claims against each and all

Released Persons and without costs to any of the Parties as against the others.

22.   Without affecting the finality of this Final Order in any way, this Court expressly

retains jurisdiction over: (a) the implementation of this Settlement; (b) the

disposition of the benefits of the Settlement; (c) the enforcement and

administration of this Final Order; (d) the enforcement of all releases executed in

connection with the Settlement; (e) all plaintiffs in the Enfamil Lawsuits, Class

Members other than those included in Exhibit A hereto, and the Released

Parties, for the purpose of construing, enforcing and administering the

Settlement; and (f) any and all other matters related to the Settlement.

23.   In the event that the Settlement does not become effective in accordance with

the terms of the Stipulation, then this Final Order, shall be rendered null and

---

[2]       This specifically includes the following actions pending in this Court: In
Re: Enfamil LIPIL Marketing and Sales Practices Litigation, No. 11-md-02222-
COHN/SELTZER (S.D. Fla.), Francis v. Mead Johnson & Co., No. 11-cv-60369-
COHN/SELTZER (S.D. Fla.), Kaplan v. Mead Johnson Nutrition Co., No. 11-cv-60358-
COHN/SELTZER (S.D. Fla.), Martin v. Mead Johnson Nutrition Co., No. 11-cv-60356-
COHN/SELTZER (S.D. Fla.), Nelson v. Mead Johnson & Company, LLC, No. 09-cv-
61625-COHN/SELTZER (S.D. Fla.); Pelkey v. Mead Johnson Nutrition Co., No. 11-cv-
60407-COHN/SELTZER (S.D. Fla.), Ramos v. Mead Johnson Nutrition Co., No. 11-cv-
60632-COHN/SELTZER (S.D. Fla.), Weeks v. Mead Johnson Nutrition Co., No. 11-cv-
60366-COHN/SELTZER (S.D. Fla.), and Patrick v. Mead Johnson, et al., No. 11-cv-
60449-COHN/SELTZER (S.D. Fla.).

void.

24.     The Parties are hereby authorized without needing further approval from the

        Court, to agree to and adopt such modifications, amendments and expansions

        of the Stipulation that are consistent with this Final Order and do not limit the

        rights of Class Members under the Stipulation.

25.     The Clerk of Court is directed to **CLOSE** these cases and **DENY** all pending

        motions as **MOOT**.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this _14th_ day of November, 2011.

                                                        _James J. Cohn_
                                                **JAMES I. COHN**
                                                **UNITED STATES DISTRICT JUDGE**

Copies provided to counsel of record via CM/ECF.

# EXHIBIT A

**EXHIBIT A**

| Number | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 1 | AGNIESZKA BRZOZOWSKA | 1707 W CAMPLAIN RD | MANVILLE | NJ | 08835 |
| 2 | AMBER REIMER | 1479 RED CLIFF WAY | CASTLE ROCK | CO | 80109 |
| 3 | ANGELIQUE GIFFORD | 275 GARFIELD AVE | CARBONDALE | CO | 81623 |
| 4 | ASHIDA RAMZAN | 530 W BUCKTHORN ST | INGLEWOOD | CA | 90301 |
| 5 | AYDE CANTU | 2000 ALABAMA ST | BAYTOWN | TX | 77520 |
| 6 | BECKY MAURANCY | 1789 SW FINCH LN | PORT SAINT LUCIE | FL | 34953 |
| 7 | BRIDGET BAUML | 160 PRIVATE ROAD 3723 | RIO MEDINA | TX | 78066 |
| 8 | BRITTANY BUEHLER | 4978 W 6TH ST | GREELEY | CO | 80634 |
| 9 | CALANDRA REYNOLDS | 1409 MCALPINE ST | MARSHALL | TX | 75672 |
| 10 | CHASTITY PIERCE | 8365 GOLDEN ARCH LN | LIVERPOOL | NY | 13090 |
| 11 | CRISTINA VARNER | 6879 INDIGO CREEK COURT | TEMPERANCE | MI | 48182 |
| 12 | CRYSTAL RENNIE | 9470 HIGHWAY 21 | IRONTON | MO | 63650 |
| 13 | CRYSTAL WARREN | PO BOX 178 | SPRINGVILLE | IA | 52336 |
| 14 | DANIEL TERRONE | 19001 COUR ESTS | LUTZ | FL | 33558 |
| 15 | DANIELLE A WILKIE | 616 LINDSAY AVE | CHATTANOOGA | TN | 37421 |
| 16 | DAVEE SCHUH | PO BOX 581214 | SALT LAKE CITY | UT | 84158 |
| 17 | DORIS HASLER | 162 SHADOWLAKE DR | BRUNSWICK | GA | 31525 |
| 18 | DYANNA VILLESCA | 25438 OVERBROOK TERRACE LN | KATY | TX | 77494 |
| 19 | ELIZABETH KEARSE | 7824 HEMLOCK CT | RALEIGH | NC | 27615 |
| 20 | LINDA MEDUNICK | 24 BAILEY CIR | DOVER | DE | 19901 |
| 21 | HEATHER CUPPY | 1853 E 22ND ST | CHEYENNE | WY | 82001 |
| 22 | HEIDI BUSIGNANI | 5118 GALAXY DR | SHELBY TOWNSHIP | MI | 48316 |
| 23 | HOA THANH HUYNH | 18551 TIMBER FOREST DR # N14 | HUMBLE | TX | 77346 |
| 24 | IMIN HUNG | 2900 VILLAGE SPRING LN | VIENNA | VA | 22181 |
| 25 | JAMIE LAMOREAUX | 4859 CHARDONNAY DR | CORAL SPRINGS | FL | 33067 |
| 26 | JANICE CHANG | 22204 FAIR GARDEN LN | CLARKSBURG | MD | 20871 |
| 27 | JENNIFER CHAFFIN | 600 S GRAVES ST APT 202 | MCKINNEY | TX | 75069 |
| 28 | JESSICA BALL | 20151 COUNTY ROAD 48 | STERLING | CO | 80751 |
| 29 | JOY ALLETTE | 21 SAINT JAMES PL APT 1E | BROOKLYN | NY | 11205 |
| 30 | JULIE GASPAR | 20530 ANZA AVE APT 11 | TORRANCE | CA | 90503 |
| 31 | KATHERINE CICIARELLI | 6551 WINTERSET WAY | SAN JOSE | CA | 95120 |
| 32 | KELLY LOGUE | 13022 VELP AVE | SUAMICO | WI | 54313 |
| 33 | KENNETH BIANCO | 255  LAYFEAT AVE / T- 5 | SUFFERN | NY | 10901 |
| 34 | KETTI PHILLIPS | 8203 138TH AVE NE | REDMOND | WA | 98052 |
| 35 | KIA BYRD | 2836 SCARBOROUGH CIR | BALTIMORE | MD | 21244 |
| 36 | KIMBERLY LEDFORD | 619 ROGERS COVE RD | WAYNESVILLE | NC | 28785 |
| 37 | KRISTIN HOUSTON | 3736 S FILLY BAY | MAGNA | UT | 84044 |
| 38 | LAUREN KRUSE | 10110 CAINSVILLE RD | LEBANON | TN | 37090 |
| 39 | LEE MCCOLLOUGH | 306 TIMOTHY CHRIS CT | SWANSBORO | NC | 28584 |
| 40 | LIESEL BOHRER | 131 E DORY WAY | BLACK HAWK | CO | 80422 |
| 41 | LINDSEY BAREACE | 1894 E COMMERCE ST | MILFORD | MI | 48381 |
| 42 | LISA JOHNSON | 14400 W COMISKY DR | BOISE | ID | 83713 |
| 43 | LORI STROK | 8805 MANCHESTER AVE | PHILADELPHIA | PA | 19152 |
| 44 | MARIE BAKER | 111 SPRUCE DR | GLENSHAW | PA | 15116 |
| 45 | MARK L SPENCE | 614 REMMICK STABLES CT | DARDENNE | MO | 63368 |
| 46 | MARY BENNETT | 10 PINEY PARK LN | DURHAM | NC | 27713 |
| 47 | MARY TERMAAT | 1440 TWO MILE AVE | WISCONSIN RAPIDS | WI | 54494 |
| 48 | MAUREEN CREAGH-KAISER | 1021 MAYFLOWER CT | MARTINSVILLE | NJ | 08836 |
| 49 | MICHELLE COOK | 843 N 800 E | PRICE | UT | 84501 |
| 50 | MICHELLE MEREDITH | 6872 PRAIRIENOOK | ROSCOE | IL | 61073 |
| 51 | MICHELLE NIEHR | 150 FITZROY LN | ACWORTH | GA | 30101 |
| 52 | NANCY HORAN | 979 SINCLAIR AVE | STATEN ISLAND | NY | 10309 |
| 53 | NATALIE MOORE | 6524 W 10900 N | HIGHLAND | UT | 84003 |
| 54 | PATRICIA TYLER | 202 RED CLOUD DR | DIAMOND BAR | CA | 91765 |
| 55 | RACHEL TERRY | 3 ACADEMY ST | MARATHON | NY | 13803 |
| 56 | REGINA CATHEY | 406 E MAIN ST | NEW ALBANY | MS | 38652 |
| 57 | ROSALIN WICKMAN | 2709 S OAK ST | WICHITA | KS | 67217 |
| 58 | SANDRA TAUNTON | 1212 E LEE ST | PENSACOLA | FL | 32503 |
| 59 | SARA STJOHN | 2733 BROADMOOR DR | ROCKFORD | IL | 61108 |
| 60 | SARAH DOUTHIT | 1104 LEEWARD DR | KENAI | AK | 99611 |
| 61 | SAUNDRA ELLIOTT | 120 STRATFORD CIR | PLACENTIA | CA | 92870 |
| 62 | SHANNON DROUGHT | 5801 S VISTA DR | NEW BERLIN | WI | 53146 |
| 63 | SHARON HJORTSBERG | 3430 BAYCREST DR | MONROE | MI | 48162 |
| 64 | STACEY MITCHELL | 325 QUAIL DR | ELYRIA | OH | 44035 |
| 65 | STEPHANIE SOHM | PO BOX 755 | KEARNEY | MO | 64060 |
| 66 | STEVI EVRARD | 1125 33RD ST | TELL CITY | IN | 47586 |
| 67 | SUSAN HEIM | 1229 DEEP CREEK RD | ASHLAND | PA | 17921 |
| 68 | TABBERT MARY | 1400 SIX MILE RD | WHITMORE LAKE | MI | 48189 |
| 69 | WENDEE GRUBBS | 4508 TEAL GLEN ST | PEARLAND | TX | 77584 |

# EXHIBIT B

## If you bought Enfamil LIPIL® Infant Formula, you could get free infant formula or cash from a Settlement.

A Settlement has been reached in a class action lawsuit about whether Mead Johnson & Company, LLC ("Mead Johnson") falsely represented that Enfamil LIPIL® is the only infant formula that contains DHA and ARA. DHA and ARA are healthy fatty acids. Mead Johnson will pay between $8 million and $12 million in infant formula and cash. No one is claiming that Enfamil LIPIL® is unsafe or challenging the nutrition it provides.

**Who's Included?** You are included if you bought Enfamil LIPIL® infant formula in the United States between October 13, 2005 and March 31, 2010. You are **not** included in the Class if you received Enfamil LIPIL® infant formula through the U.S.D.A.'s Women, Infants and Children program ("WIC") or bought the product for the purpose of resale.

**What Can You Get?** If you purchased Enfamil LIPIL® for 6 months or less, you can get either one 12.5 oz. container (or the nearest equivalent) of Enfamil Premium® Infant Formula or up to $6 in cash. If you purchased Enfamil LIPIL® for more than 6 months, you can get either two 12.5 oz. containers (or the nearest equivalent) of Enfamil Premium® Infant Formula or up to $12 in cash. If the value of infant formula and cash actually claimed exceeds $12 million, then benefits will be reduced proportionally.

**How to Get Benefits?** You must submit a Claim Form to get benefits. The Claim Form is available at www.FormulaSettlement.com or by calling 1-866-254-8048. The deadline to submit a Claim Form is November 25, 2011.

**Your Other Rights.** If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is August 22, 2011. If you do not exclude yourself you will not be able to sue Mead Johnson for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by August 22, 2011. The Court will hold a hearing on September 26, 2011 to consider whether to approve the Settlement and a request for attorneys' fees up to $3.5 million. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information or a Claim Form:**     1-866-254-8048     www.FormulaSettlement.com

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

*Court-Ordered Legal Notice*

CLAIMS ADMINISTRATOR
PO BOX 2473
Faribault, MN 55021-9173

**Important Notice About Infant Formula Settlement**

*Para una notificación en Español: llamar 1-866-254-8048
o visitar www.FormulaSettlement.com*

* 0 1 2 3 4 5 6 7 8 9 * -000

NAME
ADDRESS
CITY STATE ZIPCODE

# EXHIBIT C

**Nesbit, Staci**

| | |
|---|---|
| **From:** | Administrator for Infant Formula Class Action Settlement |
| | [administrator@formulasettlement.vertismail.com] |
| **Sent:** | Monday, April 18, 2011 1:06 AM |
| **To:** | Nesbit, Staci |
| **Subject:** | Infant Formula Settlement |

**If you bought Enfamil LIPIL® Infant Formula you could get
free infant formula or cash from a Settlement.**

Records show that you may have bought infant formula in the past. A Settlement has been reached in a class action lawsuit about whether Mead Johnson & Company, LLC ("Mead Johnson") falsely represented that Enfamil LIPIL® is the only infant formula that contains DHA and ARA. DHA and ARA are healthy fatty acids. Mead Johnson will pay between $8 million and $12 million in infant formula and cash. **No one is claiming that Enfamil LIPIL® is unsafe or challenging the nutrition it provides.** Go to www.FormulaSettlement.com for more information and to file a claim online.

**Who's Included?** You are included if you bought Enfamil LIPIL® infant formula in the United States between **October 13, 2005 and March 31, 2010.** You are not included if you received Enfamil LIPIL® infant formula through the U.S.D.A.'s Women, Infants and Children program ("WIC") or purchased it for resale.

**What Can You Get?** Those included in the Settlement will be eligible to receive a payment up to $12 or two free cans of formula. The amount of benefits you may receive will be based on the length of time you bought the formula.

**How to Get Benefits?** You must submit a Claim Form to get benefits. The Claim Form is available at www.FormulaSettlement.com or by calling 1-866-254-8048. You can submit a Claim Form online or by mail. The deadline to submit a Claim Form is **November 25, 2011.** Only one claim per household.

**Your Other Rights.** If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is **August 22, 2011.** If you do not exclude yourself you will not be able to sue Mead Johnson for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by **August 22, 2011.** The Court will hold a hearing on **September 26, 2011** to consider whether to approve the Settlement and a request for attorneys' fees up to $3.5 million. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information or a Claim Form: 1-866-254-8048  www.FormulaSettlement.com**

**Nesbit, Staci**

| | |
|---|---|
| From: | Administrator for Infant Formula Class Action Settlement [administrator@formulasettlement.vertismail.com] |
| Sent: | Wednesday, April 13, 2011 3:22 PM |
| To: | Nesbit, Staci |
| Subject: | [TEST] Infant Formula Settlement |

If you bought Enfamil LIPIL(R) Infant Formula you could get free infant formula or cash from a Settlement.

Records show that you may have bought infant formula in the past. A Settlement has been reached in a class action lawsuit about whether Mead Johnson & Company, LLC ("Mead Johnson") falsely represented that Enfamil LIPIL(R) is the only infant formula that contains DHA and ARA. DHA and ARA are healthy fatty acids. Mead Johnson will pay between $8 million and $12 million in infant formula and cash. No one is claiming that Enfamil LIPIL(R) is unsafe or challenging the nutrition it provides. Go to www.FormulaSettlement.com for more information and to file a claim online.

Who's Included? You are included if you bought Enfamil LIPIL(R) infant formula in the United States between October 13, 2005 and March 31, 2010. You are not included if you received Enfamil LIPIL(R) infant formula through the U.S.D.A.'s Women, Infants and Children program ("WIC") or purchased it for resale.

What Can You Get? Those included in the Settlement will be eligible to receive a payment up to $12 or two free cans of formula. The amount of benefits you may receive will be based on the length of time you bought the formula.

How to Get Benefits? You must submit a Claim Form to get benefits. The Claim Form is available at www.FormulaSettlement.com or by calling 1-866-254-8048. You can submit a Claim Form online or by mail. The deadline to submit a Claim Form is November 25, 2011. Only one claim per household.

Your Other Rights. If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is August 22, 2011. If you do not exclude yourself you will not be able to sue Mead Johnson for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by August 22, 2011. The Court will hold a hearing on September 26, 2011 to consider whether to approve the Settlement and a request for attorneys' fees up to $3.5 million. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

For more information or a Claim Form: 1-866-254-8048      www.FormulaSettlement.com